## Gross v. Exeter Machine Works, Inc.

*Contract—Sale—Affidavit of defence—Parol agreement.*

1. In an action for failure to deliver goods under a contract of sale, where the contract provides that all written and verbal agreements are withdrawn, and that the contract shall be modified only by written agreement, an affidavit of defence which sets up a contemporaneous parol agreement varying the terms of the contract is insufficient unless there is an averment therein of a written modification of the contract or a waiver thereof, either express or implied.

*Contract — Sale — Non-delivery — Provision as to strikes—Embargoes— Transportation difficulties.*

2. In an action for failure to deliver goods under a contract of sale, where the contract is made subject to strikes, an affidavit of defence is unavailing, where the date of the strike is averred as some time after the date set by the contract for first delivery.

3. In such a case, where the contract was subject to delays by common carriers in delivering raw material, the affidavit of defence must specify the embargoes which prevented the deliveries and the railroads on which they were in force, or the other transportation difficulties experienced.

Rule for judgment. C. P. Luzerne Co., Oct. T., 1920, No. 607.

*Abram Salsburg,* for plaintiff; *W. W. Hall* and *P. F. O'Neill,* for defendant.

WOODWARD, J.—This is an action of *assumpsit* brought to recover damages for the alleged breach of a contract for the manufacture and delivery by the

1 D. & C.

defendant to the plaintiff of spindles for the manufacture of silk, ordered by the plaintiff from the defendant, on which the plaintiff paid the sum of $10,000, and which the defendant failed to deliver according to their contract, for which the plaintiff claims, in addition to the $10,000 paid by him, the additional sum of $10,000 fixed in the contract as liquidated damages in case of breach, together with interest on the first $10,000 from the date of payment, Dec. 31, 1919, and on the second $10,000 from the date of the breach, Feb. 15, 1920.

The affidavit of defence sets out two defences: First, a contemporaneous oral agreement varying the terms of the written contract, by which the defendant was allowed a reasonable time to manufacture and deliver the spindles, instead of the fixed time specified in the agreement; and, second, the inability of the defendant to get the raw materials with which to manufacture the order, on account of the inability of the railroads to deliver the material and on account of strikes in the shops of the defendant.

The contract is dated Dec. 27, 1919, and called for the first delivery on Feb. 15, 1920, and a daily delivery thereafter.

There has been no delivery, and on May 19, 1920, the plaintiff rescinded the contract and brought this suit.

The contract stipulates in the eleventh paragraph as follows: "It is understood and agreed that all previous communications, either verbal or written, with reference to the subject-matter of this agreement are hereby withdrawn and annulled, and this contract shall be modified only by written agreement between the parties hereto."

As it is not alleged in the affidavit of defence that there was any written modification of the contract, the first defence must fail unless a waiver by the plaintiff, either express or implied, is shown.

As to the second defence, the contract provides in the twelfth paragraph as follows: "It is understood that the date of the delivery of the above described machinery, whether express or implied, is subject to delays caused by common carriers or rolling-mills in delivering to us the materials out of which said machinery is to be made, and subject to delays occasioned to us by reason of strikes, labor troubles, fires, accidents at our shops or other causes beyond our control."

The affidavit of defence in the sixth paragraph alleges, inter alia: "And by reason of most unusual, abnormal and extraordinary conditions prevailing throughout the United States of America affecting the demand for rolling-mill products and the ability to meet such demand, it became and was absolutely impossible for the defendant, prior to Aug. 16, 1920, to obtain within any reasonable bounds of effort and expense, although defendant made every reasonable attempt to do so, a sufficient quantity of said rolling-mill products to enable it, on or before said last mentioned date, to manufacture, fabricate and deliver to the plaintiff any of the 'completed silk-throwing machines' specified in the aforesaid 'agreement in writing.'"

This paragraph is insufficient, in that it does not state what efforts the defendant made to procure the material.

The affidavit of defence in the sixth paragraph also alleges: "By way of further unavoidable hindrances and delay in delivering to the plaintiff any of the 'completed silk-throwing machines' specified in the aforesaid 'agreement in writing,' the defendant avers that between April 9, 1920, and May 24, 1920, both dates inclusive, on account of a strike among its employees, especially its moulders and pattern-makers, it was unable to make any substantial progress upon the work of manufacturing and fabricating said machines."

The objection to this paragraph is that it gives one of the specified reasons for non-performance, to wit, a strike, as preventing performance between April 9th and May 24, 1920, but does not excuse the failure of performance between Feb. 15th, the date fixed by the contract for the first delivery, and April 9, 1920.

The sixth paragraph of the affidavit of defence goes on to state as a further reason for non-compliance: "And throughout the entire period, commencing Dec. 27, 1919, and lasting until Aug. 16, 1920, defendant avers that, by reason of embargoes on the various railroads and other transportation difficulties experienced with all of the common carriers serving it, delays of various kinds and durations were caused to its ability to complete and deliver to plaintiff the machines aforesaid."

The objection to this paragraph is that it does not specify the embargoes, the railroads on which they were in force or the other transportation difficulties experienced.

For these reasons, the tenth, eleventh and twelfth exceptions to the affidavit of defence must be sustained, and the defendant is given fifteen days in which to file a supplemental affidavit specifying the facts that would excuse performance, wherein the original affidavit is decided to be too general. The counter-claim of the defendant can wait until the sufficiency of the affidavit is established.

Defendant is allowed fifteen days in which to file a sufficient supplemental affidavit of defence, and in default thereof the rule made absolute.

From F. P. Slattery, Wilkes-Barre, Pa.